SMITH, P. J.; SWING, J., and GIFFEN, J.,
concur.
On a oareful consideration of the evidence submitted to us, we have reached the conclusion that no part of the principal or interest of the bonds executed by the defendant company to Knickerbocker as trustee, or bearer, and the payment of which was secured by the mortgage given by the company to the trustee, and which is sought to be foreclosed in this proceeding, was due and payable at the time of the filing of the petition herein, viz., May 17, 1900.
It is true that by tbe original contract between the parties all of the five bonds of $5,000 each, secured by the mortgage, were to become due and payable before December 8, 1897, but they had not in fact been paid, and on that day a written agreement was entered into between L. A. Thompson, then the owner and holder of said bonds, and said defendant company by which it was agreed that the time of the payment of each of said bonds should be extended as follows: Bond No. 1, until September 1, 1899; No. 2, until September 1, 1900; No. 3, until September 1, 1901; No. 4, until September 1, 1902, and No. 5, until September 1, 1903. And the payment of any interest due on said bonds was to be paid by the defendant company on September 1, 1898, and on the same day of each year thereafter until full payment of the bonds was made; and it was further agreed that no dividend on the capital stock was to be declared until the bonds were fully paid.
No part of the interest due September 1, 1898, and no part of the first bond, the time of the payment of which was extended *656 to September 1, 1899, having been paid, this action to foreclose the mortgage was commenced May 17, 1900. The defense set up is that there was a further extension of the time of the payment of the first bond and of all the interest until September 1, 1900.
It appears from the evidence submitted that L. A. Thompson was the owner and holder of all of these bonds until May 12, 1900, was also the holder and owner of 75 of the 551 shares of the stock of the defendant company, and was and had been for several years the president of said company. Mr. Lilley was the treasurer and owned 176 shares, and Mr. Devere was the general manager and owned 167 shares of the stock. These three persons were therefore the owners of a large majority of the stook of the company, and practically could control the same. As early at least as 1898 the oompany had borrowed a large sum of money from the Franklin Bank, and thesé three gentlemen had become sureties on said notes, Mr. Thompson loaning collaterals which he was anxious to receive again, and all of them were desirous of having these notes to the bank and some obligations of the company to the street railway company paid from the earnings of the defendant company, and thus release them from their individual liability on the notés.
We think it was understood and arranged between Mr. Thompson and the other two persons that the earnings of the defendant company for the season of 1899 were to be applied to the payment of these other obligations of the company, and Mr. Thompson was to wait for the amount of his first bond and the interest due until September 1, 1900; and accordingly the profits of the season of 1899 were so applied, and the notes taken up. The time when this understanding was arrived at is not clearly shown, but we think there is no denial on the part of Mr. Thompson that this was done with his full concurrence— that is, the payment of the bank debts. This payment was made prior to the time of the regular meeting of the stockholders for the election of directors and of the meeting of the directors to elect the officers cf the company.
These meetings were held October 17, 1899, at the office of the ' Messrs. Pogue, the attorneys for the company. Messrs. Thompson, Lilley and Devere were present, owning stock as before stated, and the three represented all the stoek of the company except fifty-one shares, held by a Mr. Lawson, who was not present. It is testified substantially by Messrs. Pogue, Lilley and Devere that at these meetings it was made known what disposition had been made of the earnings of the company and the payment of these notes therefrom,and it was then and there agreed by Mr. Thompson that if this action was approved by the company, and no dividend declared, and certain specified improvements should be made on the property of the company for the next season, that he would extend the time for the payment of the bond due and the interest to September 1, 1900; and that this was acceded to and accepted by the company, and such expenditures were thereafter made on the ground. It is true that Mr. Thompson testifies that he did not agree to such extension; that it was not his way of doing business. But the arrangement seems to us a natural one under the circumstances, and we think he is mistaken in his recol *657 lection. This view is strengthened by the testimony of Mr. Marlin that some time after this meeting Mr. Thompson had told him in New York that he had extended the time of payment to September 1, 1900.
Campbell, Bates, Cien Dening & Meyer, for Plaintiff Trustee.
Pogue & Pogue, contra.
Finding, then, that the agreement was made, and on a good consideration, we hold that the action jvas prematurely brought,and that plaintiff is not entitled to have a receiver appointed or any other relief in this action.